Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN PAUL PEREZ,

            Plaintiff,

v.

HUDSON COUNTY CORRECTIONAL FACILITY, *et al.*,

            Defendants.

Civ. Action No. 22-7004 (JXN)(JBC)

**OPINION**

**NEALS**, District Judge

    Before the Court is *pro se* Plaintiff John Paul Perez's ("Plaintiff") civil rights Amended Complaint ("Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 4.)

    On January 23, 2023, after granting Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1), the Court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 2.) The Court dismissed Plaintiff's initial Complaint without prejudice for failure to state a supervisory liability claim against Defendant Oscar Aviles ("Aviles") and permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his Complaint. (*Id.*)

    On February 10, 2023, Plaintiff filed his Amended Complaint. (*See* ECF No. 4.) Plaintiff again raises claims against Defendant Aviles related to the COVID-19 policies at Hudson County Correctional Facility ("HCCF"). (*See id.*)

The Court must now review the Amended Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted.

I.   BACKGROUND[1]

Plaintiff is a pre-trial detainee confined in Hudson County Correctional Facility ("HCCF"), in Kearney, New Jersey. (*See* ECF No. 1.) On or about February 10, 2023, Plaintiff filed his Amended Complaint in this matter. (*See* ECF No. 4.) The Amended Complaint again raises claims regarding HCCF's handling of the COVID-19 pandemic against Defendant Aviles ("Defendant"). (*See id.*)

Plaintiff submits that on March 25, 2022, he arrived at HCCF, where many inmates had contracted COVID-19. (*Id.* at 1.) The Amended Complaint alleges that HCCF staff failed to provide "cleaning agents to kill the COVID-19 virus," failed to properly sanitize food trays and common area telephones, and inmates were made to wear protective masks until they could no longer be washed and reused. (*Id.* at 2.)

In August 2022, Plaintiff's cellmate contracted COVID-19 and was removed to a quarantine unit. (*Id.* at 3.) Plaintiff was not permitted to sanitize his cell. (*Id.*) Plaintiff alleges that two days after his cellmate returned from quarantine, Plaintiff became sick and tested positive for COVID-19. (*Id.*) Plaintiff was sent to medical quarantine for eight days, where he was housed with another COVID-19 positive inmate. (*Id.*) Plaintiff alleges that he was not provided with medical treatment, and he was not allowed out of his cell during the quarantine period. (*Id.* at 4.)

---

[1] The Court construes the factual allegations of the Amended Complaint as true for the purposes of this screening only.

Plaintiff alleges that he complained about these issues through the remedy system and received a "non-responsive answer." (*Id.*) Plaintiff claims WellCare and Defendant failed to follow "the state's directive regarding distancing, [] facial masks, and other protective measures." (*Id.*)

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470,

3

483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.  DISCUSSION

In the Amended Complaint, Plaintiff alleges that Defendant is liable to him under 42 U.S.C. § 1983 because Defendant failed to follow the state's directives regarding COVID-19. (ECF No. 4 at 4.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Failure to State a Claim

#### 1. *Supervisory Liability Claim-COVID-19 procedures*

In the Amended Complaint, Plaintiff alleges that Defendant failed to follow proper COVID-19 protocols. (ECF No. 4 at 4.) Plaintiff further alleges that Defendant did not follow the state's directives regarding social distancing, facial masks, and other protective measures. (*Id.*) The Amended Complaint, however, does not include any allegations regarding Defendant's actions specifically.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to

that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020). In *Hope*, the court explained that when evaluating a detention facility's protocols, courts "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

In the Amended Complaint, Plaintiff claims that Defendant failed to employ adequate policy regarding social distancing and mask wearing. Despite that, Plaintiff alleges that HCCF provided inmates with reusable masks and required inmates to quarantine after testing positive COVID-19. Based on these facts, it appears that there were some policies in place at HCCF to minimize the spread of COVID-19. Thus, Plaintiff has not identified a specific policy that Defendant failed to employ.

Moreover, Plaintiff does not address whether Defendant was aware that HCCF's COVID-19 policies created an unreasonable risk of a constitutional injury, nor does he address whether Defendant was indifferent to said risk. Plaintiff also fails to allege that Defendant personally participated in Plaintiff's conditions of confinement, directed prison staff's actions, or had contemporaneous knowledge of the facts alleged. While Plaintiff alleges that he complained through the remedy system, that type of allegation—i.e., a claim that grievances were sent to a warden or other administrator—are generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it. *See, e.g., Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d

6

Cir. 2018) (affirming dismissal of claims against warden and others, based on allegation they had received grievances; "Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Butler v. Penchishen*, No. 22-CV-3252, 2022 WL 4473590, at *4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."). In short, Plaintiff does not allege sufficient facts to allow this claim to proceed at this time and his claim against Defendant Aviles is dismissed without prejudice. *See Iqbal*, 556 U.S. 662, 678 (2009).

### 2. Supervisory Liability- Failure to Provide Medical Care

To the extent Plaintiff's Amended Complaint raises a claim for failure to provide medical care, that claim is also dismissed.

A pretrial detainee's claim of inadequate medical care arises under the Fourteenth Amendment, rather than the Eighth Amendment. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Nevertheless, the United States Supreme Court has held that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great" as those afforded to convicted prisoners under the Eighth Amendment. *See id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Thus, in the context of claims for inadequate medical care, the Third Circuit has "found no reason to apply a different standard than that set forth in *Estelle* [*v. Gamble*, 429 U.S. 97 (1976)] (pertaining to prisoners' claims of inadequate medical care under the Eighth Amendment) when evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment." *See id.*

The Eighth Amendment prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with adequate medical care. *Estelle*, 429 U.S. at 103–04. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106. "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it's 'so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003)). Based on Plaintiff's claim that he contracted COVID-19, the Court will presume that Plaintiff has alleged a serious medical need for screening purposes only.

The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

As explained above, "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne*

*Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original).

The Amended Complete fails to establish that Defendant Aviles was personally involved in Plaintiff's medical treatment or lack thereof. Again, Plaintiff's allegation that he filed complaints that were not responded to does not show that Defendant Aviles had contemporaneous knowledge of Plaintiff's medical treatment. *See, e.g., Diaz v. Warden Lewisburg USP*, 630 F. App'x 148, 151 (3d Cir. 2015) (per curiam) (prison officials who were administrators and who "are not themselves physicians" were not liable for deliberate indifference where plaintiff could not establish that their "involvement in the matter consisted of anything more than, at most, receiving letters from Diaz expressing his dissatisfaction with the medical care he was receiving"). For these reasons, any potential failure to treat claim against Defendant Aviles is dismissed without prejudice for failure to state a claim.

### 3. Wellcare

The Amended Complaint does not name "Wellcare" as a Defendant. However, Plaintiff alleges that Wellcare also failed to follow state directives. If Plaintiff is attempting to bring a claim against Wellcare, he fails to allege any specific facts against them.

Under § 1983, a private corporation contracted by a prison to provide healthcare for inmates cannot be held liable on the theory of respondent superior. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669-70 (3d Cir. 2010). Instead, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978), a private corporation can be held liable for constitutional violations only if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). Here, the Complaint is entirely devoid of any allegations about a policy or custom

maintained by Wellcare which caused Plaintiff's alleged constitutional harm. Accordingly, any potential claim against Wellcare is also dismissed without prejudice.

### IV. CONCLUSION

For the reasons set forth above, the Amended Complaint is dismissed without prejudice. The Court shall give Plaintiff thirty (30) days to file a second amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

DATED: April 5, 2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge